### IN THE UNITED STATES DISTRICT COURT
### OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICK EDDINGTON,** | ) |
| 5106 Southampton Drive | ) |
| Annandale, VA 22003 | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **U.S. IMMIGRATION & CUSTOMS** | ) |
| **ENFORCEMENT,** | ) |
| 500 12th St., SW | ) |
| Washington, D.C. 20530 | ) |
| | ) |
| **U.S. DEPARTMENT OF HOMELAND** | ) |
| **SECURITY,** | ) |
| 500 12th St., SW | ) |
| Washington, D.C. 20536 | ) |
| | ) |
| **Defendants.** | ) |

### COMPLAINT

Plaintiff PATRICK EDDINGTON brings this suit to overturn Defendants U.S. DEPARTMENT OF HOMELAND SECURITY's and U.S. IMMIGRATION & CUSTOMS ENFORCEMENT's refusal, in violation of the Freedom of Information Act, to produce various records related to, among other things, CBP checkpoints and "zero-suspicion" searches and seizures.

### INTRODUCTION

1. Pursuant to the fundamental philosophy of the American constitutional form of government, it is the public policy of the United States to foster democracy and allow any person

to obtain copies of the records of agencies for any public or private purpose consistent with the terms of the federal Freedom of Information Act, 5 U.S.C. § 552.

## PARTIES

2. The Plaintiff in this case is PATRICK EDDINGTON. EDDINGTON is a Policy Analyst in Homeland Security and Civil Liberties at the Cato Institute. EDDINGTON previously worked for Representative Rush Holt for a decade, with a focus on intelligence community oversight.

3. Defendant DHS is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

4. Defendant ICE is a federal agency and component of DHS and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

5. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B) because a plaintiff may always bring suit in the District of Columbia.

## JANUARY 28, 2015 REQUEST

7. On January 28, 2015, EDDINGTON requested:

- An original copy of CBP Publication Number 0415-0511 (version dated May 2011; if that version has been superseded, then the latest version of said publication)

- Any internal memorandums, guidance, Inspector General reports, responses to Congressional questions for the record, or other correspondence, in either written or electronic form, from July 6, 1976 to the date of this request regarding confrontations with persons at internal CBP checkpoints operated for the purpose of conducting immigration inspections per Section 287 of the Immigration and Nationality Act in which individuals were detained by CBP for more than 15

minutes OR in which CBP used force to remove occupants from vehicles detained for screening.

- Any internal memorandums, guidance, Inspector General reports, responses to Congressional questions for the record, or other correspondence, in either written or electronic form, from January 1, 2000 to the date of this request regarding CBP searches of general aviation aircraft under the rubric of "zero-suspicion" seizures and searches, or on the basis of any profile used for such seizures and searches, including responses to complaints filed by individual pilots, their passengers, general aviation airport operators or organizations representing aircraft pilots and owners.

Group Exhibit A.

8. One year later, on January 29, 2016, Defendants denied EDDINGTON's request stating that it did not locate a single responsive record and that section three of EDDINGTON's request did not reasonably describe the records sought as it was too broad in nature. Group Ex. A.

9. On February 22, 2016, EDDINGTON appealed the denial of his request including examples and evidence that records responsive to his request exist. EDDINGTON also provided additional detail and clarification regarding section three of the request. Group Ex. A.

10. As of the date of filing, over two years later, Defendants have not responded to EDDINGTON's appeal.

### COUNT I – JANUARY 28, 2015 VIOLATION OF FOIA

11. The above paragraphs are incorporated by reference.

12. Defendants DHS and CBP are agencies subject to FOIA.

13. The requested records are not exempt under FOIA.

14. Defendants have refused to produce the requested records in a timely manner.

**WHEREFORE**, EDDINGTON asks that the Court:

  i. declare that Defendants violated FOIA;

  ii. order Defendants to produce the requested records;

    iii.    enjoin Defendants from withholding non-exempt public records under FOIA;

    iv.    award Plaintiff reasonable attorneys fees and costs;

    v.    award such other relief the Court considers appropriate.

        RESPECTFULLY SUBMITTED,

        */s/ Joshua Hart Burday*

        _____

        Attorneys for Plaintiff
        PATRICK EDDINGTON

Matthew Topic
Joshua Burday
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
matt@loevy.com
joshb@loevy.com
Atty. No. 41295